IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG - 3 2020

CLERK, U.S. DISTRICT COURT
By_____
        Deputy

| | | |
|---|---|---|
| ROBERT M. GLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-482-A |
| | § | |
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Came on for consideration the motion to dismiss filed by defendant, American Airlines, Inc. Doc.[1] 52. Having considered the motion, the response by plaintiff, Robert M. Glen, the reply and supplemental authority filed in support thereof, the response to such supplemental authority, the record, and applicable legal authorities, the court finds that such motion should be granted.

I.

## Facts Pleaded

In his amended complaint, plaintiff pleads the following:

Plaintiff, a naturalized citizen of the United States, is originally from Cuba. Doc. 47 ¶ 15. Plaintiff's mother and aunt owned adjacent plots of beachfront land ("the Properties") in Varadero, Cuba in the late 1950s. Id. ¶¶ 28-39. In

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

connection with the Cuban revolution, the communist Cuban government confiscated the Properties. Id. ¶ 40. When plaintiff's aunt and mother died in 1999 and 2011, respectively, their claims to the Properties passed to plaintiff by inheritance. Id. ¶ 42. Since at least 1996, the Properties have been used for beachfront hotels ("the Subject Hotels"), which the Cuban government helped to build, develop, and operate. Id. ¶¶ 44, 46.

Prior to the initiation of this action, defendant's customers could book accommodations in Cuba, including the Subject Hotels, through defendant's hotel booking website. Id. ¶¶ 101-02, 145. Between January 23, 2018 and July 19, 2019, users of defendant's booking website made twenty-four separate reservations at the Subject Hotels. Id. ¶ 147. Defendant earned commissions in connection with reservations made that the Subject Hotels. Id. ¶ 148.

II.

Procedural Background

On September 26, 2019, plaintiff initiated this action by filing a complaint in the United States District Court for the Southern District of Florida. Doc. 1. On March 12, 2020, plaintiff filed his amended complaint. Doc. 47. In his amended complaint, plaintiff brings a single cause of action against

2

defendant, trafficking in confiscated property pursuant to the Cuban Liberty and Democratic Solidarity Act, 22 U.S.C. § 6021 et. seq. ("the Act"), also known as the LIBERTAD Act or the Helms-Burton Act. Id. ¶¶ 1, 164-75. The Act provides U.S. nationals whose property was confiscated by the communist Cuban government with a private right of action against persons who traffic in such property. 22 U.S.C. § 6082(a).

On March 27, 2020, defendant filed its motion to dismiss or, in the alternative, to transfer venue. Doc. 52. After plaintiff responded to the motion, Doc. 56, and plaintiff replied to the response, Doc. 64, the motion was granted as to its requested transfer, and the action was transferred to this court, Doc. 67. This court now considers the motion insofar as it seeks dismissal.

III.

Grounds of the Motion

In its motion, defendant argues that plaintiff's claim should be dismissed because, inter alia, plaintiff (I) lacks Article III standing, Doc. 52 at 3-5, (II) failed to satisfy the Act's preconditions to suit, id. at 10-12, and (III) failed to adequately plead facts to satisfy the scienter element of his claim, id. at 12-19.

3

IV.

Analysis

Plaintiff's claim should be dismissed.  Plaintiff lacks Article III standing, and even if he had standing to sue defendant, his claim would nonetheless be dismissed for failure to state a claim upon which relief may be granted.

A.   Plaintiff lacks Article III standing.

Plaintiff has failed to show that he has standing to bring the above-captioned action.  The United States Constitution limits federal courts' jurisdiction to "actual cases or controversies."  Raines v. Byrd, 521 U.S. 811, 818 (1997). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy."  Spokeo, Inc. v. Robins, 136 S.Ct. 1540, 1547 (2016).  This doctrine limits the category of litigants who may bring a lawsuit in federal court. Id.  To have standing, a plaintiff must have (I) suffered an injury in fact, (II) that is fairly traceable to the challenged conduct of the defendant, and (III) that is likely to be redressed by a favorable judicial decision.  Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992).  "The party invoking federal jurisdiction bears the burden of establishing these elements."  Id. at 561.  Plaintiff fails to carry this burden.

4

Plaintiff has not pleaded that he has suffered an injury in fact. "To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S.Ct. at 1548 (quoting Lujan, 504 U.S. at 560). Plaintiff has not shown that he suffered a concrete injury. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Id. A concrete injury may be intangible, and "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." Id. at 1549 (citation omitted). However, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id. In other words, "Article III standing requires a concrete injury even in the context of a statutory violation." Id.

In his response, plaintiff states that neither the Cuban government's confiscation of the Properties nor the Subject Hotels' operations on the Properties constitute injuries in fact in this action. Doc. 56 at 10. Instead, plaintiff argues that

5

his injury is based entirely on defendant's alleged violation of
the substantive rights given to plaintiff by the Act.  Id.
However, "Congress cannot erase Article III's standing
requirements by statutorily granting the right to sue to a
plaintiff who would not otherwise have standing."  Spokeo, 136
S.Ct. at 1547-48.  Plaintiff complains that defendant fails to
compensate plaintiff when defendant earns commissions on
reservations made at the Subject Hotels.  Id. at 11.  It is
unclear how plaintiff is injured by such an action.  Defendant
did not deprive plaintiff of the Properties or the profits he
might make if he owned and operated hotels on the Properties.
Instead, defendant merely does business with the Subject Hotels.
It is unclear why plaintiff believes he should be entitled to
defendant's commissions and is injured by not receiving such
payment; plaintiff would not be entitled to a portion of
defendant's commissions even if he owned the Properties and
operated the Subject Hotels.

Plaintiff relies on a non-binding opinion from the Southern
District of Florida and Justice Thomas's concurring opinion in
Spokeo to argue that "the Supreme Court recognized [in Spokeo]
where Congress has endowed plaintiffs with a substantive legal
right, as opposed to creating a procedural requirement, the
plaintiffs may sue to enforce such a right without establishing

6

additional harm." Doc. 56 at 9-10 (quoting <u>Guarisma v.</u>

<u>Microsoft Corp.</u>, 209 F. Supp. 3d 1261, 1265 (S.D. Fla. 2016)).

The court is not convinced. In <u>Spokeo</u>, the Supreme Court did

not limit the concrete harm requirement to actions related to

the violation of procedural requirements. <u>See</u> 136 S.Ct. at 1549

(using an allegation of "a bare procedural violation" as an

"example").

Plaintiff also argues that a finding that he lacks standing

"would write Title III out of existence." Doc. 56 at 11. Even

if such a statement is true, "[t]he assumption that if

[plaintiff has] no standing to sue, no one would have standing,

is not a reason to find standing." <u>Clapper v. Amnesty Int'l</u>

<u>USA</u>, 568 U.S. 398, 420-21 (2013); <u>Valley Forge Christian Coll.</u>

<u>V. Am. United for Separation of Church & State, Inc.</u>, 454 U.S.

464, 489 (1982).

Because plaintiff failed to plead that he suffered a

concrete injury, he has not carried his burden regarding Article

III standing, and this action must be dismissed.

B.  <u>Even if standing existed, plaintiff failed to state a claim</u>
    <u>upon which relief may be granted.</u>

Even if plaintiff had standing to bring this suit, his

claims would be dismissed. The facts pleaded by plaintiff,

accepted as true, (I) do not show that he is entitled to bring a

7

claim under the Act and (II) do not show that defendant had the required state of mind to be held liable.

i.   Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the pleader's right to relief

8

is plausible. Id. at 678.  To allege a plausible right to
relief, the facts pleaded must suggest liability; allegations
that are merely consistent with unlawful conduct are
insufficient. Twombly, 550 U.S. at 566-69.  "Determining whether
a complaint states a plausible claim for relief . . . [is] a
context-specific task that requires the reviewing court to draw
on its judicial experience and common sense." Iqbal, 556 U.S. at
679.

> ii.   Plaintiff may not bring this action because he did not
>       acquire his claim to the Properties before March 12,
>       1996.

Plaintiff's claim should be dismissed because he does not
satisfy a prerequisite to bring an action under the Act.  The
Act states that "[e]xcept as otherwise provided in this section,
any person that . . . traffics in property which was confiscated
by the Cuban Government on or after January 1, 1959, shall be
liable to any United States national who owns the claim to such
property for money damages. . . ." 22 U.S.C. § 6082(a)(1).  The
Act goes on to provide limits on who may bring such a claim:

> (A) Except as otherwise provided in this paragraph,
> actions may be brought under paragraph (1) with
> respect to property confiscated before, on, or after
> March 12, 1996.
>
> (B) In the case of property confiscated before March
> 12, 1996, a United States national may not bring an
> action under this section on a claim to the

confiscated property unless such national acquires
ownership of the claim before March 12, 1996.

(C) In the case of property confiscated on or after
March 12, 1996, a United States national who, after
the property is confiscated, acquires ownership of a
claim to the property by assignment for value, may not
bring an action on the claim under this section.

22 U.S.C. § 6082(a)(4).

Plaintiff's amended complaint does not explicitly state
whether the Cuban government confiscated the Properties from his
mother and aunt before or after March 12, 1996. See Doc. 47
¶ 40 ("After January 1, 1959, and in connection with Cuban
revolution, the communist Cuban government confiscated the Glen
Properties."). However, plaintiff does plead that the Cuban
government had "worked with hotel chains to build, develop, and
operate" the Subject Hotels. Id. ¶ 46. Because the Cuban
government must have built the Subject Hotels after confiscating
the Properties, and because "[u]pon the Act's enactment in 1996,
the Glen Properties were being used for beachfront hotels," id.
¶ 44, the Properties must have been confiscated before March 12,
1996. Although it views all well-pleaded facts in plaintiff's
favor, the court need not strain to find that the amended
complaint infers that the Properties were confiscated after
March 12, 1996 merely because plaintiff might benefit from the
existence of such a fact. Southland Sec. Corp. v. INSpire Ins.

10

Sols., Inc., 365 F.3d 353, 361 (5th Cir. 2004). Further, in its motion to dismiss, defendant presumes that the confiscation occurred before March 12, 1996, Doc. 52 at 10, and plaintiff does not refute that assumption, Doc. 56 at 21-25.

Because the Properties were confiscated before March 12, 1996, plaintiff may not bring an action related to his claim to the Properties "unless [he] acquire[d] ownership of the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B). Plaintiff pleads that he inherited his claim to the Properties from his aunt and mother in 1999 and 2011, respectively. Doc. 47 ¶ 42. Defendant argues that because plaintiff did not acquire his claim before March 12, 1996, he is barred from bringing this action. Doc. 52 at 10-11. The court agrees. Plaintiff argues that the word "acquires" should not be read to include inheritance and that, consequently, the Act does not bar actions related to claims inherited after the March 12, 1996 deadline. Doc. 56 at 22-23.

Plaintiff's argument appears to be based on a misreading of the statute. The Act does not state that an individual may bring an action unless he acquires the property on or after March 12, 1996. Instead, it states, "a United States national may not bring an action under this section on a claim to the confiscated property unless such national acquires ownership of

11

the claim before March 12, 1996." 22 U.S.C. § 6082(a)(4)(B)
(emphasis added). In other words, timely acquisition is a pre-
requisite to suit. If the Act's definition of "acquires" does
not include inheritance, plaintiff never "acquire[d] ownership
of the claim" and therefore "may not bring an action" under the
Act. Id. If the Act's definition of "acquires" does include
inheritance, plaintiff did acquire his claim to the Properties,
but not until after the March 12, 1996 deadline. Regardless of
whether inheritance qualifies as acquisition under the Act,
plaintiff did not acquire his claim to the Properties before
March 12, 1996 and therefore may not bring suit under the Act.

      iii. Plaintiff failed to plead facts to show scienter.

      Plaintiff's claim should also be dismissed for failure to
plead facts to show that defendant acted with the required
knowledge and intent. The Act states, in relevant part:

> (A) As used in subchapter III . . . a person "traffics"
> in confiscated property if that person knowingly and
> intentionally--
>
>> (i) sells, transfers, distributes, dispenses,
>> brokers, manages, or otherwise disposes of
>> confiscated property, or purchases, leases,
>> receives, possesses, obtains control of, manages,
>> uses, or otherwise acquires or holds an interest
>> in confiscated property,
>
>> (ii) engages in a commercial activity using or
>> otherwise benefiting from confiscated property,
>> or

> (iii) causes, directs, participates in, or
> profits from, trafficking (as described in clause
> (i) or (ii)) by another person, or otherwise
> engages in trafficking (as described in clause
> (i) or (ii)) through another person,

without the authorization of any United States
national who holds a claim to the property.

22 U.S.C. § 6023(13)(A) (emphasis added).

Plaintiff pleads no facts to show that defendant knew that the Subject Hotels were built on confiscated property and intended to traffic in confiscated property. See Doc. 47. Plaintiff argues that he did not need to make such a showing. He asserts that "knowingly and intentionally" modify only the verbs found in numerals (i)-(iii) of § 6023(13)(A) and that a defendant need not have realized that property was confiscated in order for the listed activity involving such property to constitute "trafficking" under the Act. Doc. 56 at 26-28. The court disagrees.

The Supreme Court rejected a similar argument in United States v. X-Citement Video, Inc., 513 U.S. 64 (1994). In that case, the Court assessed the extent of the mens rea element in a statute that criminalized knowingly transporting, shipping, receiving, distributing, or reproducing a visual depiction of a minor engaging in sexually explicit conduct. Id. at 67-68 (discussing 18 U.S.C. § 2252). Under the most natural

13

grammatical reading of the statute, the term "knowingly" would modify only the surrounding verbs. Id. at 68. However, the Court found that "knowingly" also applied to the minor's age and the sexually explicit nature of the material. Id. at 69. The Court explained that to apply the knowledge element only to the verbs would require the Court to conclude that Congress wished to draw illogical distinctions between unwitting actors and ignore distinctions between unwitting and culpable actors. Id. ("It would seem odd, to say the least, that Congress distinguished between someone who inadvertently dropped an item into the mail without realizing it, and someone who consciously placed the same item in the mail, but was nonetheless unconcerned about whether the person had any knowledge of the prohibited contents of the package.").

The same is true here. Plaintiff's interpretation of the Act would require the court to conclude that Congress intended distinguish between someone who knowingly and intentionally sold or purchased confiscated property, regardless of whether he knew it had been confiscated, and someone who made such a sale or purchase without knowing that he had sold or purchased anything.

Further, plaintiff does not explain how someone might sell, buy, or engage in some other commercial activity without knowing that he is doing so or intending to do so. It seems that to

14

engage in any of the actions listed in § 6023(13)(A), the actor must at least be aware of his own actions. Plaintiff's interpretation would thus render the "knowingly and intentionally" language superfluous, and the court declines to adopt such an interpretation. See Corley v. United States, 556 U.S. 303, 314 (2009) (courts should not construe a statute to render any clause, sentence, or word superfluous, void, or insignificant). To commit trafficking under the Act, a person must know that the property was confiscated by the Cuban government and intend that such property be the subject of their commercial behavior. The court is not alone in its interpretation of the breadth of the scienter element. See, e.g., Gonzalez v. Amazon.com, Inc., No. 19-23988-Civ-Scola, 2020 WL 1169125, at *2 (S.D. Fla. 2020).

Plaintiff argues that his amended complaint satisfies the scienter requirement even if such requirement applies to the confiscated nature of the property. Doc. 56 at 27-28. Plaintiff argues that defendant "and all other violators of the Act undoubtedly had 'reason to know'[2] that all real property in Cuba was confiscated by the regime" because Congress included a finding in the Act that Cuba's government confiscated the

---

[2] The Act defines "knowingly" as "with knowledge or having reason to know." 22 U.S.C. § 6023(9).

property of millions of Cubans, thousands of whom were or became U.S. nationals. Doc. 56 at 28 (citing 22 U.S.C. § 6081(3)). Plaintiff also argues that defendant gained the required knowledge when plaintiff sent a pre-suit notice letter to defendant. Doc. 56 at 28 (citing Doc. 47 ¶ 175). Both arguments fail.

First, if the Act's language put all potential defendants on notice that all real property in Cuba was confiscated, Congress would have had no reason to include "knowingly" in § 6023(13)(A). See Corley, 556 U.S. at 314. Further, even if the Act itself gave defendant a reason to know that the Subject Hotels sat on confiscated land, plaintiff has not alleged facts to show that defendant acted "intentionally." See 22 U.S.C. § 6023(13)(A). Merely having reason to know is insufficient to satisfy § 6023(13)(A)'s scienter requirement. Intent, BLACK'S LAW DICTIONARY (11th ed. 2019) ("intent is the mental resolution or determination to do [some act]"). Congress chose to include the intent requirement, and the court should not ignore it. Compare 22 U.S.C. § 6023(13)(A) with 22 U.S.C. § 6033(a) (using "knowingly" but not "intentionally").

Second, plaintiff did not plead facts to show that defendant facilitated any bookings in the Subject Hotels after learning from the pre-suit letter that the Properties had been

16

confiscated.[3]   The court is not convinced that defendant
committed trafficking by failing to immediately remove the
Subject Hotels from its website after receiving the letter if no
transactions were made during that time period.   See 22 U.S.C.
§ 6023(13)(A).

Because the facts in the amended complaint fail to show
that defendant acted knowingly and intentionally, plaintiff's
claim should be dismissed.

V.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and
is hereby, granted, and that the claims and causes of action
brought by plaintiff against defendant in the above-captioned
action be, and are hereby, dismissed.

SIGNED August 3, 2020.

_____
JOHN McBRYDE
United States District Judge

---

[3] The amended complaint does state that defendant "continued to traffic in the Glen Properties,"
Doc. 47 ¶ 175, after receiving notice of plaintiff's claims.  However, the court need not accept
legal conclusions in the amended complaint as true.  Iqbal, 556 U.S. at 679.

17